UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 20 CR 588-1 |
| | ) | |
| vs. | ) | |
| | ) | Judge Martha M. Pacold |
| | ) | |
| ZVI FEINER | ) | |

### STATUS REPORT

The United States of America, through its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, respectfully submits this status report:

1. The grand jury returned an indictment in this matter on September 3, 2020 charging defendant Zvi Feiner and a codefendant with ten counts of wire fraud, in violation of 18 U.S.C. § 1343. The indictment alleged that defendant and his codefendant engaged in a scheme to defraud investors to induce the purchase of membership interests in various limited liability companies used to manage specific healthcare facilities by, among other things, misrepresenting the profitability, performance, and condition of the healthcare facilities and misappropriating investor funds.

2. Codefendant Erez Baver pleaded guilty to Count One of the Indictment pursuant to a plea agreement with the government on November 16, 2021. At the request of the parties, the Court deferred the scheduling of codefendant Baver's sentencing until further order of the Court.

3. Counsel for the government and defendant Feiner continued to confer regarding the potential resolution of this matter without a trial after the submission of the last status report on December 1, 2021. However, the Assistant United States Attorney previously assigned to this matter left the government for outside employment at the end of last year and a new Assistant United States Attorney was only recently assigned to the matter.

4. Defendant Feiner and the government believe that an additional period of at least sixty days would allow the newly assigned attorney for the government to familiarize himself with the evidence and issues in the matter and provide the parties with a reasonable amount of time to continue in their negotiations aimed at resolving this matter short of trial. Accordingly, the parties recommend the Court set the matter for a further hearing on status in approximately sixty days.

5. The government submits that the period of time from February 3, 2022, until the day of such status hearing should be excluded in computing the time within which this matter must be tried pursuant to 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by such continuance outweigh the best interest of the public and defendant in a speedy trial in that the delay is necessary in order for newly assigned government counsel to become familiar with the matter and to permit the parties to continue negotiations towards the resolution of this matter without a trial Defendant's counsel has no objection to the exclusion of time on this basis.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

by:    /s/ Rick D. Young
        Rick D. Young
        Assistant United States Attorney
        219 South Dearborn Street, Suite 5000
        Chicago, Illinois 60604
        (312) 353-5300