UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 20 CR 588-1 |
| vs. | ) | |
| | ) | Judge Martha M. Pacold |
| ZVI FEINER | ) | |

# STATUS REPORT

The United States of America, through its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, respectfully submits this status report:

1. The grand jury returned an indictment in this matter on September 3, 2020 charging defendant Zvi Feiner and a codefendant with ten counts of wire fraud, in violation of 18 U.S.C. § 1343. The indictment alleged that defendant and his codefendant engaged in a scheme to defraud investors to induce the purchase of membership interests in various limited liability companies used to manage specific healthcare facilities by, among other things, misrepresenting the profitability, performance, and condition of the healthcare facilities and misappropriating investor funds.

2. Codefendant Erez Baver pleaded guilty to Count One of the Indictment pursuant to a plea agreement with the government on November 16, 2021. At the request of the parties, the Court deferred the scheduling of codefendant Baver's sentencing until further order of the Court.

3. Counsel for the government and defendant Feiner have continued to work towards the resolution of this matter. The parties continue to work towards resolving or narrowing certain disagreements regarding the amount of the loss, but believe it would be appropriate to set a change of plea hearing or to schedule a status hearing for the purpose of scheduling a change of plea hearing date. The parties are seeking for the change of plea hearing to be scheduled approximately 90 days from now in order to allow the parties to continue working towards the resolution of certain issues in advance of the hearing, to allow adequate time to prepare defendant for the hearing, and as a result of certain conflicts in government counsel's schedule in July.

4. The government submits that the period of time through the day of a change of plea hearing or status hearing should be excluded in computing the time within which this matter must be tried pursuant to 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by such continuance outweigh the best interest of the public and defendant in a speedy trial in that the delay is necessary in order to permit the parties to continue negotiations, to allow adequate time for preparation by counsel, and to allow for continuity of counsel. Defendant's counsel has no objection to the exclusion of time on this basis.

- 3 -

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

by:  */s/ Rick D. Young*
Rick D. Young
Assistant United States Attorney
219 South Dearborn Street, Suite 5000
Chicago, Illinois 60604
(312) 353-5300