**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | No. 20 CR 588-01 |
| | ) | |
| ZVI FEINER, | ) | Judge Martha M. Pacold |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO WAIVE PRESENTENCE REPORT**

Defendant Zvi Feiner, through undersigned counsel, respectfully moves under Federal Rule of Criminal Procedure 32(c)(1)(A)(ii) to waive preparation of a presentence report ("PSR") and to proceed with sentencing as currently scheduled on November 19, 2026. The government and the assigned United States Probation Officer do not object. In support, Defendant states as follows:

**Procedural Background**

1. The conduct at issue occurred approximately ten years ago.

2. The original indictment was returned approximately six years ago.

3. On August 25, 2026, a one-count Superseding Information was filed.

4. On August 28, 2026, Defendant promptly entered a plea of guilty to the single count of the Superseding Information.

5. Sentencing is currently set for November 19, 2026.

**The Parties' Agreement**

6. The parties have worked diligently to find common ground leading up to Defendant's plea.

7. There are no disagreements between the parties as to the Sentencing Guidelines calculations, the loss amount, or any other issue.

8. The parties have agreed to jointly recommend the same sentence: no custodial term and no fine.

9. No restitution order is called for because Defendant has made full restitution.

**Defendant's Request**

10. Defendant has been fully apprised of his right to a presentence investigation and report and knowingly waives preparation of a PSR.

11. Defendant and the government will both file sentencing memoranda and deliver them to one another and the Court no later than October 22, 2026, so that the Court will have the benefit of both parties' sentencing information.

**Positions of the Government and Probation**

12. The government has been advised of Defendant's request and does not object to proceeding without a PSR.

13. The assigned probation officer, United States Probation Officer Ryan Justice, has been advised of Defendant's request and does not object.

14. The probation officer has advised the parties that, due to circumstances, if a PSR were required he would request a postponement of sentencing from November 19, 2026.

15. No party wishes to delay sentencing, and all parties wish to resolve this matter as expeditiously as possible.

**Legal Standard and Basis for the Finding**

16. Rule 32(c)(1)(A) of the Federal Rules of Criminal Procedure provides that the probation officer must conduct a presentence investigation and submit a report to the court before

it imposes sentence unless (i) 18 U.S.C. § 3593(c) or another statute requires otherwise, or (ii) "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii).

17. The record here enables the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553. The parties agree on the Guidelines calculations and the loss amount, leaving no disputed factual or guideline issue for a PSR to resolve. Because restitution has been paid in full, there is no need to investigate Defendant's ability to make restitution. The parties jointly recommend a non-custodial sentence with no fine. Defendant and the government will have the opportunity to file sentencing memoranda, on or before October 22, 2026, addressing the § 3553(a) factors, including the nature and circumstances of the offense and Defendant's history and characteristics. Together with the plea record and the Superseding Information, those submissions will give the Court the information it needs to impose a sentence sufficient, but not greater than necessary, under § 3553(a).

**Relief Requested**

WHEREFORE, Defendant respectfully requests that the Court (a) find under Rule 32(c)(1)(A)(ii) that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without the need for a presentence investigation or a PSR; (b) permit the Defendant to waive preparation of a PSR; (c) find that although the law permits restitution, the parties agree that full restitution has already been made to all victims and hence the PSR is not needed to provide the Court with sufficient information to order restitution; (d) permit the parties to file sentencing memoranda on or before October 22, 2026; and (e) proceed with sentencing as scheduled on November 19, 2026.

Dated: October 1, 2026

Respectfully submitted,

*/s/ Sheldon T. Zenner*

Sheldon T. Zenner
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street
Chicago, IL 60661
(312) 902-5200

*Attorney for Defendant Zvi Feiner*

**CERTIFICATE OF SERVICE**

I, Sheldon T. Zenner, an attorney, hereby certify that on this first day of October 2026, I caused a copy of the foregoing document to be served upon all counsel of record via this Court's CM/ECF electronic filing system.

*/s/ Sheldon T. Zenner*
*Attorney for Defendant Zvi Feiner*